COBB, Judge.
Appellants, Curtis D. Collins and De-Vaughn L. Higdon, appeal their convictions and sentences for burglary of a structure and second-degree grand theft. The principal appellate issue is whether the trial court correctly refused to suppress incriminating evidence obtained via a vehicle search at the time Collins and Higdon were arrested on an unrelated charge.
At the suppression hearing, the evidence revealed that on June 26,1985, Higdon and Collins were involved in a high-speed chase in a tan Dodge Monaco with the Marion County and Putnam County Sheriff’s Departments after they refused to stop for a traffic infraction. A moving roadblock was set up to try to slow them down. During the chase, the defendants’ car struck one of *22 the police officers’ cars involved in the roadblock, forcing it off the road. The chase ultimately ended when the Dodge radiator started spewing antifreeze, clipped a mailbox, crossed the road and became stuck in the mud in a ditch on the side of the road. When police approached, Higdon and Collins left the car and ran into the woods.
While Higdon and Collins were hiding in the woods, and the police were searching for them, impoundment proceedings for the automobile began. Before the impoundment was completed, Collins was taken from the woods and put into a patrol car. He admitted he had been in the Dodge, but police officers did not ask him about the impoundment. Approximately eight hours later, after the impoundment had taken place, Higdon was also apprehended.
After their arrests, Higdon told police officers to check with the Orange County Sheriff’s Department to find out information pertaining to them. Upon checking, the officers discovered that both appellants were wanted for various burglaries. In particular, they were wanted for a burglary which occurred on June 13, 1985, in which a small safe was taken and supposedly put in the trunk of a car that matched the description and license plate of the one the appellants were driving. A valid search warrant was prepared and executed upon the impounded vehicle. During their search, police officers found pieces of material which appeared to be part of the safe insulation in the trunk, and some coins which had been in the safe in the glove compartment. The lower court denied the motion to suppress. Higdon and Collins were convicted at trial, preserving the suppression issue for appeal.
On appeal, Higdon and Collins argue that the impoundment of their car was illegal, rendering illegal the subsequent search of the vehicle. In support of this proposition, they rely on South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) and Miller v. State, 403 So.2d 1307 (Fla.1981).
Higdon and Collins are correct in their assertion that, pursuant to Opperman and Miller, the Dodge automobile in the instant case could not be impounded since the owner or possessor (Collins) was not advised by the officers that the Dodge would be impounded unless he provided a reasonable alternative to impoundment. The vehicle was not unattended, Collins was reasonably available prior to impoundment, and he was not mentally incapacitated. Nevertheless, Opperman and Miller are irrelevant to the instant situation. The Dodge in the instant case was used in the commission of an aggravated battery on a police officer, when it was used to force an officer’s car off the road. The car thus became contraband and evidence. As stated by the Florida Supreme Court in Miller:
Nothing in this opinion affects those situations in which there is probable cause that a vehicle contains or constitutes evidence of a crime which justifies a reasonable search.
403 So.2d at 1314.
For this reason, the order denying suppression was proper. Appellants’ additional points on appeal regarding sentencing and testimony concerning the appellants’ flight from police are without merit. Thus, appellants’ convictions and sentences are
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.